**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL ANDRES APARICIO-CAMERO, | Nos. 16-70347 |
| | 19-71249 |
| Petitioner, | |
| | Agency No. A205-491-426 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2020**

Before:     MURGUIA, CHRISTEN, and BADE, Circuit Judges.

In these consolidated petitions for review, Daniel Andres Aparicio-Camero,

a native and citizen of Mexico, petitions for review of the Board of Immigration

Appeals' ("BIA") order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT") (petition No. 16-70347), and the

---

          *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

          **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

BIA's order denying his motion to reconsider and terminate proceedings (petition No. 19-71249). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review for abuse of discretion the denial of a motion to reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petitions for review.

As to petition No. 16-70347, the agency did not err in finding that Aparicio-Camero's proposed social group based on his status as an Americanized returnee was not cognizable. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (concluding that "imputed wealthy Americans" returning to Mexico does not constitute a particular social group).

In addition, substantial evidence supports the agency's determination that Aparicio-Camero failed to establish the harm he experienced or fears was or would be on account of his family membership or any other protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group").

Thus, Aparicio-Camero's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Aparicio-Camero failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (generalized evidence of violence and crime in petitioner's home country was insufficient to meet standard for CAT relief).

As to petition No. 19-71249, the BIA did not abuse its discretion in denying Aparicio-Camero's motion to reconsider and terminate proceedings. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (notice to appear

16-70347

need not include time and date of hearing to vest jurisdiction in the immigration court); *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) (the BIA abuses its discretion if it acts arbitrarily, irrationally, or contrary to law).

We deny Aparicio-Camero's request for a remand.

**PETITIONS FOR REVIEW DENIED.**